UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| **CASEY CHRISTOPHER DUNNE,** a/k/a **CASEY CHRISTOPHER,** an individual,<br><br>**Plaintiff;**<br><br>v.<br><br>**RIPRIGHT LLC,** a New York limited liability company and **MATTHEW NESBITT,** a/k/a **ISLAAM,** an individual, and DOEs 1-10,<br><br>**Defendants** | CASE NO.: 0:25-cv-62114-JIC |

**JOINT 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b)(1). Plaintiff **CASEY CHRISTOPHER DUNNE a/k/a CASEY CHRISTOPHER** (hereinafter "Casey" or "Plaintiff") and Defendants, **RipRight LLC** ("RipRight") and **MATTHEW NESBITT a/k/a ISLAAM** ("Nesbitt," collectively RipRight and Nesbitt shall be "Defendants"), by and through undersigned counsel, hereby submits their joint 26(f) report and states as follows:

**I.    STATEMENT OF THE CASE**

**A.    Plaintiff's Contentions**

This is an action for false endorsement and unfair competition under the Lanham Act, and violation of Plaintiff's Florida statutory right of publicity, based upon Defendants' willful use of Casey's name, image, and likeness without authorization, to promote and sell a gimmicky fitness

Terry A. C. Gray, Attorney At Law
433 Plaza Real, Suite 275, Boca Raton, FL 33432

product (the "RipRight Product"), for substantial revenue, at the expense and to the detriment of Casey's own brand.  Without Casey's consent, Defendants' posted a video Casey (the "Infringing Video") and clips of the Infringing Video ("Infringing Videos") using the RipRight Product on various social media platforms, including, without limitation, Instagram, TikTok, and YouTube. The RipRight Product and Defendants' brand is fundamentally inconsistent with and detrimental to Casey's brand.

B. **Defendants' Contentions**

This is a civil action arising from a short video recorded on October 22, 2022, on a public beach in Fort Lauderdale, Florida. Plaintiff voluntarily participated in an on-camera demonstration of Defendants' fitness product after being approached in a public setting. Plaintiff knowingly tested the product while being recorded and voluntarily provided his name and social media handle. Plaintiff later filed this action asserting claims under the Lanham Act for false endorsement, as well as Florida statutory and common law claims for right of publicity and unfair competition. Defendants deny liability and contend that Plaintiff consented to the recording and publication, that no endorsement or sponsorship was represented, and that the content constitutes expressive speech protected by the First Amendment. Defendants further contend that Plaintiff suffered no cognizable damage and that Plaintiff's claims are barred by consent, waiver, acquiescence, estoppel, and lack of willful conduct.

II. **SUBJECT MATTER JURISDICTION**

The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over Plaintiff's claim that arises under the Lanham Act, 15 U.S.C. § 1114. With respect to Plaintiff's state law counterclaims, this Court has supplemental jurisdiction under 27 U.S.C. § 1367.

CASE NO.:  0:25-cv-62114-JIC

### III. LEGAL ISSUES

    A. **Plaintiff's Contentions**

        1. **Federal Unfair Competition and False Endorsement under the Lanham Act**

The legal issues in this case involve whether:

    (a) Defendants' unlawful acts of intentionally and willfully publishing and displaying the Infringing Videos across various social media platforms featuring the name, image, or other likeness of Casey constitute unfair competition, making false or misleading representations of fact, and false endorsement in violation of 15 U.S.C. § 1125(a);

    (b) Defendants acted willfully;

    (c) Defendants' actions result in a finding under the Lanham Act that the case is "exceptional"

    (d) Plaintiff is entitled to injunctive relief, damages, treble damages, attorney's fees, costs, and post judgment interest;

        2. **Florida Right of Publicity in Violation of Fla. Stat. § 540.08.**

    (a) Defendants, without consent or authorization from Casey, intentionally and willfully publishing and displaying the Infringing Videos across various social media platforms featuring the name, image, or other likeness of Casey for commercial or advertising purposes violates Fla. Stat. § 540.08; and

    (b) Plaintiff is entitled to injunctive relief, damages, costs, punitive damages, and post judgment interest.

        3. **Common Law Unfair Competition**

    (a) Defendant's unlawful conduct constitutes unfair competition under

3

CASE NO.:  0:25-cv-62114-JIC

Florida's common law; and

        (b)    Plaintiff is entitled to injunctive relief, damages, costs, punitive damages, and post judgment interest;

    **B.**    **Defendants' Contentions**

Defendants deny that they engaged in false endorsement, unfair competition, or unauthorized use of Plaintiff's name or likeness. Plaintiff voluntarily participated in a recorded product demonstration in a public setting and reasonably conveyed consent to be filmed and referenced. Defendants did not represent that Plaintiff endorsed or sponsored the product. The content is protected expressive speech, was not misleading, and caused no cognizable damages. Plaintiff's claims are barred by consent, waiver, estoppel, lack of harm, and the First Amendment.

**IV.**    **PARTIES, EVIDENCE, ETC.**

    **A.**    **Plaintiff's Contentions**

The parties are Plaintiff Casey Christopher Dunne, an individual, and Defendants RipRight LLC, a New York limited liability company, Matthew Nesbitt, an individual, and does 1-10 are business or individuals whose names are unknown.

Plaintiff anticipates the key witnesses are

    (1)    Casey Christopher Dunne;

    (2)    Matthew Nesbitt; and

    (3)    employees, principals, and agents of RipRight LLC who have knowledge about the use of Casey's name, image, and likeness without authorization to promote and sell a fitness product and the promotion and posting of the Infringing Video and any videos or images of Casey online via various social media platforms.

CASE NO.:  0:25-cv-62114-JIC

Plaintiff anticipates the key documents include:

(1)    Defendants' books and records, including, without limitation, the sales of the RipRight Product and the inventory of the RipRight Product;

(2)    Defendants' personal and business bank statements showing sales or transactions related to the RipRight Product;

(3)    Defendants' federal and state tax returns;

(4)    Defendant's sales online on its website, https://www.riprightsticks.com, any websites it sells the RipRight Product, and any affiliate websites;

(5)    Defendants' sales of the RipRight Product on retail websites, including, without limitation, on Amazon (account @rip-right);

(6)    Defendants' sales of the RipRight Product at brick and mortar stores;

(7)    Metrics and sales reports from each of the social media platforms where the Infringing Videos were posted, including, without limitation, the TikTok account @riprighthd, the Facebook account @RipRight HadithDisciple, the YouTube channel @RipRightHD;

(8)    Third parties' sales reports for any social media accounts where the Infringing Videos were posted;

(9)    Paid advertising on for any social media account;

(10)   Communication between Defendants and their agents with Casey; and

(11)   Communications with any third party about Casey.

**B.    Defendants' Contentions**

The Parties believe that the evidence at issue in this action consists primarily of electronically stored information, including social media content, videos, communications, and related digital records. The parties have agreed that metadata need not be produced in discovery.

5

CASE NO.:  0:25-cv-62114-JIC

However, the parties will preserve metadata in the event an issue arises requiring its review or production.

### III. DAMAGES

#### A. Plaintiff's Contentions

Plaintiff seeks:

(1) compensatory, consequential, and incidental damages for the losses he has suffered;

(2) Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' acts of unfair competition under 15 U.S.C. § 1117(a)

(3) treble damages;

(4) attorney's fees and costs;

(5) pre and post judgment interest;

(6) punitive damages, upon a proper showing, and

(7) any other relief as this Court deems equitable, just and proper.

#### B. Defendants' Contentions.

Defendants maintain that Plaintiff has no cognizable damages.

### IV. INSURANCE

Plaintiff and Defendants do not have insurance coverage for the claims at issue.

### V. MOTIONS

Plaintiff and Defendants do not currently plan to add any parties to the action unless discovery otherwise reveals additional parties.

### VI. MANUAL FOR COMPLEX LITIGATION

This action does not require the use of the Manual for Complex Litigation.

**Terry A. C. Gray, Attorney At Law**
**433 Plaza Real, Suite 275, Boca Raton, FL 33432**

CASE NO.: 0:25-cv-62114-JIC

**VII.  STATUS OF DISCOVERY**

Plaintiff served his initial disclosures on December 17, 2025, which is 14 days from the Parties' 26(f) conference.  *See* Fed. R. Civ. P. 26(a)(C).

Defendants have already served initial disclosures on Plaintiff on December 12, 2025.

**VIII.  DISCOVERY PLAN**

See the Schedule of Pretrial and Trial Dates for attached as **Exhibit A** for applicable discovery deadlines

**IX.  DISCOVERY CUT-OFF**

The parties propose the discovery cut-off listed in **Exhibit A.**

**X.  EXPERT DISCOVERY**

The parties propose the expert witness disclosure dates listed in **Exhibit A**.

**XI.  DISPOSITIVE MOTIONS**

Plaintiff anticipates moving to amend its Verified Complaint to add a claim for punitive damages, upon a proper showing.  Plaintiff anticipates filing a Motion for Summary Judgment as to its claims against and entitlement to damages, punitive damages, attorneys' fees and costs.

The parties propose that dispositive motion's deadline should be set for June 5, 2026.

**XII.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendants believe that this case has a reasonable chance of being settled through mediation, magistrate settlement conference, or direct negotiation between counsel. The Parties intend to further discuss these options with the goal of agreeing to an appropriate format.

**XIII.  TRIAL ESTIMATE**

The parties estimate the trial in this matter to last 3-5 court days.

XIV. **TRIAL COUNSEL**

Plaintiff's Trial Counsel: Terry A.C. Gray, Attorney at Law and Erica W. Stump, Erica W. Stump, P.A.

Defendant's Trial Counsel: Jesse I. Unruh, Spire Law Firm, PLLC, and Monica Monsalve-Burr, Spire Law Firm, PLLC.

XV. **INDEPENDENT EXPERT OR MASTER**

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

XVI. **TIMETABLE**

See the attached Schedule of Pretrial and Trial Dates for attached as **Exhibit A**.

XVII. **AMENDING PLEADINGS AND ADDING PARTIES**

Plaintiff agrees to follow the applicable Federal Rules of Civil Procedure and Local Rules for amending pleadings or adding parties.

XVIII. **OTHER ISSUES**

None.

**WHEREFORE,** Plaintiff, Casey Christopher Dunne and Defendants, RipRight LLC and Matthew Nesbitt, by and through their respective attorneys of record, hereby jointly submit this 26(f) Report.

Dated: December 18, 2025                                                     Respectfully submitted,


 By: **s/Terry A. C. Gray, Esq.**                           By: **s/ Erica W. Stump, Esq.**
 Terry A. C. Gray, Esq.                                              Erica W. Stump, Esq.
 Florida Bar No. 100732                                            Florida Bar No. 427632

 **Terry A. C. Gray**                                                  **ERICA W. STUMP, P.A.**

**Terry A. C. Gray, Attorney At Law**
**433 Plaza Real, Suite 275, Boca Raton, FL 33432**

CASE NO.:  0:25-cv-62114-JIC

| | |
|---|---|
| **Attorney At Law** | 110 E. Broward Blvd., Suite 1700 |
| 433 Plaza Real, Suite 275 | Fort Lauderdale, FL 33301 |
| Boca Raton, FL 33432 | Phone: (786) 506-1088 |
| Telephone: 561-589-3458 | Fax: (954) 828-2334 |
| E-mail: tgray@terrygraylaw.com | Electronic Mail: erica@ericawstump.com |
| *Lead counsel for Casey Dunne* | *Co-Counsel for Casey Dunne* |

And

By: */s/ Jesse I. Unruh*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
Monica Monsalve-Burr
Florida Bar No. 1031295

**SPIRE LAW, PPLC**
2572 W. State Road 426,
Suite 2088
Oviedo, Florida 32765
jesse@spirelawfirm.com
margarita@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded via CM / ECF, and further, was served in the manner provided upon the following persons on December 18, 2025 as set forth below:

By: **s/Terry A. C. Gray, Esq**
Terry A. C Gray, Esq.
*Lead counsel for Casey Dunne*

9

**Terry A. C. Gray, Attorney At Law**
**433 Plaza Real, Suite 275, Boca Raton, FL 33432**

CASE NO.: 0:25-cv-62114-JIC

# EXHIBIT A
# SCHEDULE OF PRETRIAL AND TRIAL DATES

Case No.: Case No.:0:25-cv-62114-JIC

Case Name: *Dunne v. RipRight, LLC et al.*

| Event | Plaintiff's Request month/day/year | Defendants' Request month/day/year | Court's Order |
|---|---|---|---|
| [Jury] Trial **(Monday at 9:00 a.m.)** Length: 3-5 days | | | 7/20/2026 |
| Calendar Call **(Monday at 9:00 a.m.)** | | | 7/16/2026 |
| Final Pretrial Conference | 7/3/2026 | 7/3/2026 | |
| Hearings on Motions *in Limine* **(Friday-7 days before Final PTC)** | 6/26/2026 | 6/26/2026 | |
| Last Date to Hear Non-Discovery Motions | 6/5/2026 | 6/5/2026 | |
| Last day to conduct Mediation | 5/8/2026 | 5/8/2026 | |
| All Discovery Cut-Off (including hearing all discovery motions) | 4/24/2026 | 5/15/2026 | |
| Expert Discovery Cut-Off | 3/20/2026 | 3/20/2026 | |
| Expert Disclosure (Rebuttal) | 2/20/2026 | 2/20/2026 | |
| Expert Disclosure (Initial) | 2/6/2026 | 2/6/2026 | |

**Terry A. C. Gray, Attorney At Law**
**433 Plaza Real, Suite 275, Boca Raton, FL 33432**