**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **CASEY CHRISTOPHER DUNNE**, **a/k/a CASEY CHRISTOPHER, an individual,** | |
| **Plaintiff;** | |
| **v.** | **CASE NO.:  0:25-cv-62114-JIC** |
| **RIPRIGHT LLC, a New York limited liability company and MATTHEW NESBITT, a/k/a ISLAAM, an individual, and DOEs 1-10,** | |
| **Defendants** | |

**JOINT MOTION TO EXTEND DEADLINES**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 16(b)(4), Southern District of Florida Local Rule 7.1, and this Court's inherent authority, Plaintiff **CASEY CHRISTOPHER DUNNE a/k/a CASEY CHRISTOPHER** (hereinafter "Casey" or "Plaintiff") and Defendants, **RIPRIGHT LLC** and **MATTHEW NESBITT, a/k/a ISLAAM**, by and through their respective undersigned counsel, jointly move for a brief extension of the discovery, expert witness and mediation deadlines, and state:

**A.      Procedural Background**

1.      On January 16, 2026, the Court entered its Scheduling Order setting, among other deadlines, fact discovery to close on April 16, 2026, and a trial calendar

Case No.  0:25-cv-62114-JIC

of July 20, 2026.

2.      On November 7, 2025 Defendants, appearing *pro se*, filed an Answer. [DE #12].   On November 17, 2025, Plaintiff filed a Motion to Strike Defendant's Answer.  [DE #13].  Defendants retained counsel and on November 26, 2025, undersigned counsel, Jesse Unruh and Monica A. Monsalve-Burr, who entered a notices of appearance of this case.  [DE #15, 16].  On January 16, 2026, this Court entered its Scheduling Order.  [DE #28].  On February 12, 2025, Defendants moved for an extension of time of the deadlines in this case, which was denied.

3.      On February 12, 2026, the Parties jointly moved to extend the expert disclosure and the rebuttal expert deadlines by four (4) weeks.  This Court granted that motion on February 20, 2026.

4.      On February 17, 2026, lead counsel and trial counsel for Plaintiff, Terry Gray, moved to withdraw from representing Plaintiff in this case.  [DE #35].  On March 9, 2026, the Parties filed a Joint Motion to Extend Deadlines and Continuance of Trial Date [DE #38], which the Court granted on March 9, 2026.  [DE #39]

5.      The Parties have exchanged written discovery and documents and are meeting and conferring regarding the exchange of additional documents and responses.  The Parties are scheduling depositions.  Mediation is scheduled for June 12, 2026.  Undersigned Ms. Stump and Ms. Monsalve-Burr have engaged in multiple telephone conferences regarding discovery and have also had numerous telephone

conferences and exchanges regarding settlement.

6. As detailed below, counsel for both Plaintiff and Defendants unexpectedly fell ill during the exchange of discovery, scheduling of depositions, preparation for mediation, and expert witness retention. Given scheduling conflicts, the Parties will be unable to complete discovery before the current discovery cut off, which is currently set for June 16, 2026. The Parties have also decided it would be prudent and make mediation more productive to take one or more depositions before mediation, for which the deadline is currently June 18, 2026. Mediation is currently scheduled for June 17, 2026, but the Parties will not be able to complete depositions before this date, due to scheduling conflicts.

7. The Parties have conferred and extended the expert witness disclosure/report until after mediation.

8. Defendants initially produced 714 pages of documents and an after a review and meet and confer by the Parties, produced additional documents. Plaintiff continues to review the documents and has started the meet and confer process as Plaintiff believes there are additional documents to be produced. The case is about the unauthorized use of Plaintiff's name, likeness, and image, which was posted by Defendants in at least 17 videos, which were re-posted many more times, the number of which is unknown at this juncture, across multiple social media platforms such as Instagram, Facebook, TikTok, and YouTube. Each platform has a dashboard and

allows the account holder to access metrics and other information related to the reels, posts, followers and the like.  The documents pertain to these screen shots of each of the platform's dashboard and metrics for each video or reel that was posted, which is complicated to review and determine whether there are missing documents because it include numerous platforms, which organize the information store differently and numerous videos.

9.     The Parties have exchanged dates for depositions, but have not taken any depositions yet.  The Parties are working on a protective order and Plaintiff is going to produce additional documents.

10.     Undersigned Ms. Stump, a solo practitioner, fell ill with the flu and has been sick for the last two (2) weeks.  Undersigned Ms. Stump has a busy practice outside of this case. As such, Ms. Stump has been unable to complete discovery.

11.     Undersigned, Ms. Monsalve-Burr fell unexpectedly ill and had to undergo emergency surgery the week of May 4th, 2026.  Because Spire Law is a small law firm handling multiple litigation matters, counsel's absence during her recovery period created staffing and workload challenges, which impacted the firm's ability to work on this matter during that time.

12.     Both lawyers' unexpected illnesses have impacted each of their ability to complete discovery by the discovery cut off date and to complete expert witness work by the expert witness cut off date.  The Parties have already extended expert

witness cut off deadlines, without Court intervention and have already agreed to extend the discovery cut off deadline.

13.     This motion is not filed for the purpose of delay.

**B.     Relief Requested**

14.     The Parties jointly request a short, Plaintiff respectfully request that the Court extend the existing deadlines related to discovery, experts, and mediation in the scheduling order by thirty (30) - sixty (60) days, as set forth on Exhibit "A."  The requested extension does not impact or change trial or pretrial dates, only discovery, expert and mediation deadlines.

Case No.  0:25-cv-62114-JIC

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for "good cause" and with the judge's consent.  This good cause standard precludes modification unless the schedule cannot be met "despite the diligence of the parties seeking the extension."  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Fed.R.Civ.P. 16 advisory committee's note); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.")

Good cause exists here.  The current scheduling order probably cannot be met due to the circumstances set forth above, despite the diligence of the Parties. Plaintiff submits good cause because Ms. Stump unexpectedly got sick during discovery and the review of documents and social media information is more complicated than initially expected, requiring significantly more time to review and analyze the documents that have been produced and investigate whether additional documents exist.

Defendants' submit good cause exists because Ms. Monsalve-Burr unexpectedly fell ill, requiring emergency surgery. The necessary recovery period prevented her from working on this case during that time.

Accordingly, due to the circumstances out of the control of either party, the Parties request additional time to gather the information for the substantive issues in

6

Case No.  0:25-cv-62114-JIC

this case.

The Parties have acted diligently in prosecution of this case, with both sides issuing discovery.  The extension requested is minimal and will not prejudice any party.

Pursuant to Local Rule 7.1(a)(3), the Parties certify that they have conferred in good faith and jointly agree to the relief requested in this Motion.  This is the second request for an extension of all of the remaining deadlines.

**WHEREFORE,** Plaintiff, **CASEY CHRISTOPHER DUNNE a/k/a CASEY CHRISTOPHER**, and Defendants, **RIPRIGHT LLC** and **MATTHEW NESBITT, a/k/a ISLAAM**, respectfully requests this Honorable Court, for the reasons set forth above, find good cause, and enter an Order extending the deadlines set forth in the Scheduling Order to those set forth on Exhibit "A" and granting such other and further relief as the Court deems just and proper.

Dated: June 4, 2026                                        Respectfully submitted,

By: */s/ Jesse I. Unruh*                            By: *s/ Erica W. Stump*
Jesse I. Unruh, Esq.                                    Erica W. Stump, Esq.
Florida Bar No. 93121                               Florida Bar No. 427632
Monica Monsalve-Burr, Esq.
Florida Bar No. 1031295

**SPIRE LAW, PPLC**                                **ERICA W. STUMP, P.A.**
2572 W. State Road 426,                            110 E. Broward Blvd., Suite 1700
Suite 2088                                               Fort Lauderdale, FL 33301
Oviedo, Florida 32765                             Phone: (786) 506-1088
jesse@spirelawfirm.com                          Fax: (954) 828-2334
margarita@spirelawfirm.com                  Electronic Mail: erica@ericawstump.com

7

Case No.  0:25-cv-62114-JIC

filings@spirelawfirm.com                    *Counsel for Casey Dunne*
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed

via CM / ECF, and further, was served in the manner provided upon the following

persons on June 4, 2026.

By: ***/s/ Erica W. Stump***
Erica W. Stump, Esq.

**8**

Case No.  0:25-cv-62114-JIC

**EXHIBIT A**
**CURRENT AND PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES**

Case No.: Case No.:0:25-cv-62114-JIC

Case Name: *Dunne v. RipRight, LLC et al.*

| Event | Scheduling Order | The Parties' Request |
|---|---|---|
| Trial Period (2 weeks) | September 21, 2026 | September 21, 2026 |
| Calendar Call | September 16, 2026 | September 16, 2026 |
| Submission of Voir Dire Questions and Objections to Deposition Designations | September 16, 2026 | September 16, 2026 |
| Responses to Motions in Limine, Joint Pretrial Stipulation and Designation of Deposition Excerpts for Trial | September 13, 2026 | September 14, 2026 |
| Motions in Limine | September 2, 2026 | September 2, 2026 |
| Mediation Completed | June 18, 2026 | July 15, 2026 |
| Dispositive Pretrial Motions and Motions to Exclude or Limit Expert Testimony | July 14, 2026 | August 4, 2026 |
| Expert Discovery Completed | June 30, 2026 | June 30, 2026 |
| Fact Discovery Completed | June 16, 2026 | July 14, 2026 |
| Exchange Rule 26(a)(2) Expert Rebuttal Summaries/Reports | June 8, 2026 | July 10, 2026 |
| Exchange Rule 26(a)(2) Expert Disclosures and Summaries Reports | April 28, 2026 | June 19, 2026 |