# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **CASEY CHRISTOPHER DUNNE, a/k/a CASEY CHRISTOPHER, an individual,**<br><br>**Plaintiff;**<br><br>**v.**<br><br>**RIPRIGHT LLC, a New York limited liability company and MATTHEW NESBITT, a/k/a ISLAAM, an individual, and DOEs 1-10,**<br><br>**Defendants** | **CASE NO.: 0:25-cv-62114-JIC** |

**DECLARATION OF ERICA W. STUMP, ESQ.**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**ENTRY OF CONSENT JUDGMENT**

I, Erica W. Stump, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly licensed to practice law in the State of Florida and admitted to practice before this Court. I am counsel of record for Plaintiff Casey Christopher Dunne in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration, and if called to testify, I could and would testify competently thereto.

2. On June 25, 2026, the Parties reached a settlement of this action at mediation before certified mediator Michael B. Chesal, the material terms of which

were memorialized in the Memorandum of Understanding (the "MOU"). On July 22, 2026, the MOU was fully executed by counsel and all Parties. A true and correct redacted copy of the MOU is attached to the Motion as Exhibit A.

3. Section 2 of the MOU sets forth a payment schedule, along with default and cure language.

4. Section 3 of the MOU further provides that, "[c]oncurrently with the execution of the Settlement Agreement," Defendants "shall file a Stipulation for Entry of Consent Judgment in favor of Plaintiff in the amount of $175,000.00," enforceable by Plaintiff, less credit for payments actually made and accepted under Section 2, "immediately upon any default that remains uncured after expiration of the Cure Period . . . without further notice, hearing, or proceeding beyond what is required by applicable law to record and enforce a judgment." Exhibit A, § 3.

5. Following execution of the MOU, counsel for Defendants transmitted a draft, more detailed settlement agreement to me, which I timely reviewed and redlined. Defendants have, through counsel, acknowledged their obligation to comply with the MOU, including the payment schedule set forth in Section 2, but Defendant Nesbitt has declined to sign any further document, including that draft settlement agreement and the Stipulation for Entry of Consent Judgment that Defendants themselves agreed, in Section 3 of the MOU, to file.

6. I sent a draft Joint Stipulation for Entry of a Consent Judgment, signed by counsel only, on August 29, 2026, exchanged emails with counsel for Defendants on August 30, 2026, and met and conferred on the telephone on August 31, 2026 regarding the Joint Stipulation for Entry of a Consent Judgment. I revised the Joint Stipulation for Entry of a Consent Judgment to include the Plaintiff and Defendants' signatures and sent it the morning of August 31, 2026, in a last-ditch effort to see if Defendant would sign the Joint Stipulation. In light of the fact that I have not received an executed copy of the Joint Stipulation, Plaintiff is filing the instant Motion for Entry of Consent Judgment.

7. Because Defendants will not sign the stipulation contemplated by Section 3 notwithstanding their acknowledged obligation to comply with the MOU, Plaintiff moves unilaterally, based upon the language in the MOU itself, for entry of the Consent Judgment already agreed to by the Parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 9, 2026.

Erica W. Stump, Esq.